WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derric Carter, | No. CV-25-02402-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Allstate Insurance Company, et al., | |
| Defendants. | |

Pending is Plaintiff Derric Carter's renewed application to proceed in forma pauperis ("IFP"), (Doc. 11). For the reasons stated below, Carter's application to proceed IFP will be granted, and his Complaint, (Doc. 1), will be dismissed with leave to amend.

## I.      IFP APPLICATION

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Having reviewed the application to proceed IFP, (Doc. 11), the Court finds Carter cannot pay the court costs and still afford the necessities of life. Thus, the motion to proceed IFP will be granted.

## II.     SCREENING THE COMPLAINT

Because Carter is proceeding IFP in this case, the Court must screen his Complaint.

### A.   Legal Standard

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Id.*  Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, at *2 (D. Ariz. 2005).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, 2023 WL 2468967, at *2 (S.D. Cal. 2023).

### B.   Carter's Complaint

Under Rule 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  While this does not require "detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quotation marks omitted).  To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (quotation marks omitted).  Thus, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)). Pro se filings must be construed "liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014).

The Complaint does not contain sufficient factual allegations to survive screening under § 1915(e). Carter alleges only that he is bringing a "car accident claim" against Defendants Allstate Insurance Company and David Beck, for an accident that occurred on September 25, 2023, and resulted in lower back injuries. (*See* Doc. 1 at 4.) Carter does not identify the federal or state laws that Defendants allegedly violated, nor has he established that this Court has jurisdiction over his claims. The parties do not appear to be diverse—Defendant Beck is a resident of Arizona, as is Carter—and Carter does not assert federal claims. (Doc. 1 at 1–2, 4.) Because Carter "has not provided the Court with any basis upon which to assess [his] claim," *Dowling v. Unknown Party*, 2024 WL 3595619, at *2 (D. Ariz. 2024), or alleged sufficient facts to establish jurisdiction in federal court, his Complaint will be dismissed.

## III.    LEAVE TO AMEND

Unless a court determines that a pleading cannot be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). A finding that any amendment would be futile justifies dismissal without leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995).

Here, it cannot be concluded that amendment would be futile, in part because it is unclear what claims Carter is asserting. It is noted, however, that the jurisdictional issues presented by Carter's claims are concerning. Carter will be granted the opportunity to amend, but failure to allege facts supporting the court's jurisdiction in any amended pleading will result in dismissal of this action.

Carter must note that an amended Complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard*

*Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  Thus, after amendment, the original complaint is treated as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original complaint is waived if it is not alleged in an amended complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  And any Defendant not renamed in the amended complaint will remain dismissed from this case.  *See id*.

Accordingly,

**IT IS ORDERED** that the motion to proceed IFP (Doc. 11) is **granted**.

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **dismissed** for the reasons stated above.  Carter has 30 days from the date of this Order to file an amended complaint.  Consistent with LRCiv 15.1, Carter shall file, concurrently with any amended complaint, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.[1]

**IT IS FURTHER ORDERED** that if Carter files an amended complaint, the Clerk of Court shall not issue a summons until the Court screens the amended complaint and orders service consistent with 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that if Carter fails to file an amended complaint within 30 days, the Clerk of Court shall enter judgment dismissing this case with prejudice.

Dated this 4th day of April, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

---

[1]    The Local Rules and a Handbook for Self-Represented Litigants are available on this District Court's website.  *See* U.S. District Court, District of Arizona, Information for those Proceeding Without an Attorney (Pro Se), https://www.azd.uscourts.gov/proceeding-without-attorney (last visited April 3, 2026).

- 4 -