**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Derric Carter,

      Plaintiff,

v.

Allstate Insurance Company, et al.,

      Defendants.

No. CV-25-02402-PHX-SHD

**ORDER**

On April 4, 2026, I granted Plaintiff Derric Carter's application to proceed In Forma Pauperis ("IFP") and dismissed his Complaint under 28 U.S.C. § 1915(e) for lack of jurisdiction and failure to state a claim. (*See* Doc. 12.)  Carter was given thirty days to file an amended complaint, and on May 1, 2026, he did so. (Doc. 13.)  Now pending is Carter's First Amended Complaint ("FAC"). (Doc. 13.)  Because he proceeds IFP, the FAC must be screened under 28 U.S.C. § 1915(e).

In his original Complaint, Carter sought damages against Defendants Allstate Insurance Company and David Beck for a "car accident claim." (Doc. 1 at 4.)  The Complaint alleged that David Beck resided in Mesa, Arizona. (*Id.* at 2.)  I dismissed the Complaint, primarily because I lacked jurisdiction under 28 U.S.C. § 1332, as both Carter and Beck resided in Arizona and there was no diversity between the parties. (Doc. 12 at 3.)  I nonetheless gave Carter a chance to amend his complaint but noted that "the jurisdictional issues presented by Carter's claims are concerning." (*Id.*)

In his FAC, Carter attempts to avoid the jurisdictional bar by removing Beck's

address and stating that "Defendant David Beck and Allstate Insurance Company, et al is a corporation who, upon information and belief, resides in a different state than Plaintiff." (Doc. 13 at 1.)  This statement directly contradicts the address provided for Beck in the original Complaint.

"In general, an amended complaint supersedes an original complaint." *Howard v. Cnty of Kern*, 2025 WL 708641, at \*5 n.5 (E.D. Cal. 2025).  But when "allegations in an amended complaint are inconsistent with facts alleged in a prior complaint, a court need not accept the new allegations as true." *Id.*; *see also Azadpour v. Sun Microsystems, Inc.*, 2007 WL 2141079, \*2 n.2 (N.D. Cal. 2007) ("Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as false and sham." (quotation marks omitted)).  Carter has not explained why he now believes Beck resides in another state.  Furthermore, this new assertion based upon "information and belief" appears to be a deliberate obfuscation to avoid the jurisdictional bar.  I will therefore dismiss Carter's FAC without prejudice for failure to cure the jurisdictional defects identified in my prior order.  *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").  Because further amendment would be futile, *Bonin v. Calderon*, 59 F.3d 815, 845 (1995), however, Carter will not be given leave to amend.

Accordingly,

**IT IS ORDERED** dismissing the First Amended Complaint, (Doc. 13), without prejudice for lack of jurisdiction, and without leave to amend.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 22nd day of May, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 2 -